# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| United States *ex rel.* ) <br> ) <br> GREGORY HARRELSON, ) <br> Relator ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STANLEY WORKS, INC., ) <br> ) <br>     Defendant. ) <br> _____) | Case No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Relator, GREGORY HARRELSON ("Relator"), for his Complaint against Defendant THE STANLEY WORKS, INC. ("Stanley" or "Defendant"), alleges as follows:

### NATURE OF THE CASE

1.  This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.  As set forth in detail below, Defendant has violated 35 U.S.C. § 292(a) by marking certain products with patent numbers of expired patents, and, upon information and belief, by marking products with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, by advertising products as "patented" when the products are not covered or protected by any patent, by marking products with numbers that do not correspond to any patent, and by marking products with patents having a scope which does not

1

cover the marked products. Defendant committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

## THE PARTIES

3. Relator is an individual residing in Shelby County, Alabama.

4. Defendant is a Connecticut corporation with its principal place of business at 1000 Stanley Drive, New Britain, Connecticut 06053.

5. Defendant's registered agent for service of process is The Corporation Company, 2000 Interstate Park Drive, Ste. 204, Montgomery, Alabama 36109.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because, at least in part, Defendant's products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

8. Relator brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## GENERAL ALLEGATIONS

9. Defendant is a supplier of tools and engineered solutions for professional, industrial and construction and do-it-yourself use, as well as engineered security solutions for industrial and commercial applications.

10. Defendant has in the past manufactured and marketed (or caused to be manufactured and marketed) and/or presently manufactures and markets (or causes to be manufactured or marketed) products for sale to the general consuming public under the Stanley® brand.

11. Defendant has and/or continues to market and sell a line of Stanley® retractable knives and other products, including products known InstantChange™ and DynaGrip™ retractable knives.

12. The Stanley® InstantChange™ retractable knife and/or its packaging was and is marked with United States patent number 4,586,256 ("the '256 Patent").

13. The '256 Patent expired, but Defendant nevertheless chose to continue using the improper patent markings on Stanley® InstantChange ™ retractable knives, and possibly other products, with the intent to deceive the public and to gain a competitive advantage in the market.

14. The Stanley® DynaGrip™ retractable knife and/or its packaging was and is marked with United States patent numbers 5,025,558 ("the '558 Patent").

15. The '558 Patent expired, but Defendant nevertheless chose to continue using the improper patent markings on Stanley® DynaGrip™ retractable knives, and possibly other products, with the intent to deceive the public and to gain a competitive advantage in the market.

16. When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently patented by such expired patent. In other words, the product is unpatented.

17. Marking products with expired patents is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products, which, in turn, causes harm to the consuming public, including Relator, by quelling product innovation and price competition.

18. Defendant is a sophisticated company with experience applying for and obtaining patents, and therefore knows that patents do not have an indefinite duration but, rather, expire.

19. Defendant knew that the patents marked on the products identified herein were expired.

20. After the above patent expired, Defendant marked, or caused to be marked, the aforementioned products and/or packaging with the expired patent numbers.

21. Defendant knew that the patents marked on the products identified herein were expired during time periods Defendant was marking products with such expired patents.

22. Because all monopoly rights in an expired patent have terminated, Defendant cannot have any reasonable belief that the products identified herein are patented or covered by the expired patents marked on such products.

23. By marking the products identified herein with expired patents, Defendant committed numerous violations of 35 U.S.C. § 292(a).

24. Defendant committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

25. Relator seeks an award of monetary damages against Defendant, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## COUNT I: THE '256 PATENT

26. Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein. United States patent number 4,586,256 ("the '256 Patent") (attached hereto as <u>Exhibit A</u>) was filed on January 7, 1985, and issued on May 6, 1986. The '256 Patent expired on January 7, 2005.

27. Defendant marketed for sale to the public a line of products known as Stanley® InstantChange ™ retractable knives, marked with the '256 Patent.

4

28. Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Stanley® InstantChange ™ retractable knife products with the '256 patent, and any and all other products marked with the '256 patent, subsequent to the date the patent expired with the intent to deceive the public.

29. Upon information and belief, Defendant knew, on or about the date of expiration, that the '256 Patent had expired.

30. Defendant cannot genuinely believe that the patent applies even after it expired.

31. Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

32. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

33. Defendant's false marking of products with the '256 Patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

34. Defendant wrongfully and illegally advertised a patent monopoly which it did not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

    A. Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.  Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely-marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.  Grant Relator such other and further relief as it may deem just and equitable.

### COUNT II: THE '558 PATENT

35.  Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

36.  United States patent number 5,025,558 ("the '558 Patent") (attached hereto as <u>Exhibit B</u>) was filed on January 8, 1990, and issued on June 25, 1991. The '558 Patent expired on January 8, 2010.

37.  Defendant marketed for sale to the public a line of products known as the Stanley® DynaGrip™ retractable knife, marked with the '558 Patent.

38.  Defendant violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Stanley® DynaGrip™ retractable knife products with the '558 patent, and any and all other products marked with the '558 patent, subsequent to the date the patent expired with the intent to deceive the public.

39.  Upon information and belief, Defendant knew, on or about the date of expiration, that the '558 Patent had expired.

40.  Defendant cannot genuinely believe that the patent applies even after it expired.

41.  Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

42. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

43. Defendant's false marking of products with the '558 Patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

44. Defendant wrongfully and illegally advertised a patent monopoly which it did not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A. Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B. Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely-marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant Relator such other and further relief as it may deem just and equitable.

### DAMAGES

45. Each false marking on the products identified herein is likely to, or at least has the potential to, discourage or deter persons and companies from inventing or commercializing competing products.

46. Defendant's marking of its products with the numbers of expired patents, and, upon information and belief, marking with a number that does not correspond to any patent, marking with

the numbers of patents which have a scope that does not cover the product, marking with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, and advertising that products are "patented" when no patent protects that product as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

47.   For the reasons set forth herein, and for other reasons that will later be evidenced, Defendant has wrongfully and illegally advertised patent monopolies which it did not possess and, as a result, have benefited by maintaining its substantial market share with respect to the herein described products.

## PRAYER FOR RELIEF

**WHEREFORE**, Relator requests this Court, pursuant to 35 U.S.C. §292, to:

A.   Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.   Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.   Grant Relator such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: February 19, 2010

        Respectfully Submitted,

        /s/ W. Lewis Garrison, Jr.
        W. LEWIS GARRISON, JR.
        Ala. Bar No. ASB-3591-N74W
        wlgarrison@hgdlawfirm.com
        TIMOTHY C. DAVIS
        Ala. Bar No. ASB-6834-D63T
        tdavis@hgdlawfirm.com
        JEFFREY P. LEONARD
        Ala. Bar No. ASB-2573-J67L
        jleonard@hgdlawfirm.com
        HENINGER GARRISON & DAVIS, LLC
        2224 1ST Avenue North
        Post Office Box 11310 (35202)
        Birmingham, Alabama 35203
        (205) 326-3336
        (205) 326-3332 (facsimile)

        DOUGLAS BRIDGES
        Georgia Bar No. 080889
        dbridges@hgdlawfirm.com
        HENINGER GARRISON & DAVIS, LLC
        1 Glenlake Parkway
        Suite 700
        Atlanta, GA 30328
        (678) 638-6309
        (678) 638-6142 (facsimile)

SERVE DEFENDANT BY CERTIFIED MAIL AT:

THE STANLEY WORKS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, Alabama 36109